NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BUERGOFOL GMBH,**

*Plaintiff-Petitioner*

**v.**

**OMEGA LINER COMPANY, INC.,**

*Defendant-Respondent*

---

2025-1817

---

Appeal from the United States District Court for the District of South Dakota in No. 4:22-cv-04112-KES, Senior Judge Karen E. Schreier.

---

## ON PETITION AND MOTION

---

Before TARANTO, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

Buergofol GmbH petitions for a writ of mandamus seeking to vacate the May 20, 2025 discovery-compelling order of the United States District Court for the District of South Dakota and also moves for a stay pending this court's

consideration of the petition. Omega Liner Company, Inc. opposes. Buergofol replies. Omega moves for leave to file a sur-reply and supplemental appendix.

## I.

Omega manufactures and sells ultraviolet cured-in-place pipe liners used for pipe renovation. For some time, Omega purchased the inner tubular films for its liners from Buergofol, which generally asserts that it owns multiple trade secrets related to the composition, structure, or manufacture of the films. In particular, Buergofol asserts trade-secret coverage for "Wax 40," a special type of adhesion promoter used for such a film. ECF No. 10-1 at 26.

In 2019, Omega stopped purchasing films from Buergofol and started purchasing them from another supplier. In 2022, Buergofol filed the underlying action against Omega, alleging infringement of U.S. Patent Nos. 9,657,882 and 8,794,269—specifically, that "all liners made by Omega of diameter greater than 21 inches that were made using inner film made by Buergofol infringe" claims of the patents. Appx471.[1] Omega responded with counterclaims seeking declarations that it did not infringe, that the patents' claims are invalid, and that the patents are unenforceable because of inequitable conduct. Omega's invalidity contentions are based in part on alleged pre-priority-date sales of liners from other manufacturers using Buergofol's own films, including a version of an inner liner that had wax additive. SAppx603–632.[2]

A discovery dispute is at the center of this petition. The dispute stems from a production request made by Omega for documents related to the structure, composition, and

---

[1]   "Appx" page numbers refer to the appendix filed in support of the petition, ECF No. 10-2.

[2]   "SAppx" page numbers refer to the supplemental appendix filed with the response, ECF No. 19.

manufacture of the component parts of the films sold by Buergofol to Omega, arguing that it needs the documents to assess whether: (1) the use of Buergofol's films with Omega's liners infringed each element of the asserted claims; and (2) certain sales of other products using Buergofol's films before the critical date constituted prior art. In 2023, the magistrate judge assigned to the case granted Omega's motion to compel production subject to the protective order's designation of the material for attorney's eyes only ("AEO") and denied Buergofol's motion for an additional protective order. Buergofol then produced a declaration and 21 pages of redacted manufacturing specifications, but the district court found that production to be insufficient and ordered Buergofol to turn over all relevant materials. Buergofol objected and moved for a stay of enforcement.

On May 20, 2025, after reviewing the withheld materials in camera, the district court issued an order reaffirming the prior rulings compelling Buergofol to produce the materials and denying its motion for a stay of enforcement of that ruling. The district court recognized that the documents in question contained information that, if publicly disclosed, could result in commercial harm to Buergofol. Appx6. But it held that the materials should still be produced under the protective order's provision limiting access solely to Omega's outside attorney. The court reasoned, among other things, that "Buergofol put its films directly at issue when it sued Omega and claimed that Omega liners using Buergofol film infringed the relevant patent," Appx9–10, and that there was a need to identify the characteristics of certain films such as Wax 40, Appx7. This petition followed.

## II.

In the cases cited by Buergofol itself, courts have recognized that trade-secret information is not immune from discovery; instead, such material may be available upon a

showing of relevance and need for such information to prepare for the litigation where the district court decides, in its discretion, that the interests favoring discovery outweigh the harms to the trade secret's owner. *See In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991); *accord Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1299–1300 (Fed. Cir. 2016); *cf. In re Micron Tech. Inc.*, No. 2025-117, 2025 WL 615394, at *2 (Fed. Cir. Feb. 26, 2025) (denying mandamus petition seeking to prevent limited discovery of source code). On mandamus, as relevant here, we would disturb the district court's determination only if we determined that there were "exceptional circumstances amounting to . . . a clear abuse of discretion." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (cleaned up).

Here, Buergofol has not shown a clear abuse of discretion in the district court's determination that Omega had demonstrated need for the information and that the current protective order was sufficient to protect Buergofol's interests. The court reasonably rejected Buergofol's argument that the documents were irrelevant to infringement, noting that Buergofol asserted infringement based on Omega's use of Buergofol's products. Although Buergofol now insists that it is no longer pursuing infringement based on those products, Buergofol "has not made a covenant not to sue," Appx10 n.2, and, in any event, the court reasonably found that the information at issue was also relevant to Omega's counterclaims (which asserted prior-art invalidating sales of Buergofol's products). The district court further found that "Buergofol has failed to explain why the current AEO provision in the protective order cannot adequately protect Buergofol's interests and maintain its trade secrets," noting that "Buergofol has already disclosed information pursuant to the protective order and no issues have ensued." Appx10–11. "[W]e are not prepared to disturb the trial court's balancing of the interests on limited mandamus review based merely on [Buergofol's]

conjecture that an individual might violate the protective order and subject themselves to appropriate sanctions." *Micron*, 2025 WL 615394, at \*2.

Buergofol argues that Wax 40 was never used for the films it sold to Omega and the relevant materials were created after the critical dates for the patents, so that information is irrelevant. But the district court had a reasonable basis to reject Buergofol's contentions. Omega has asserted that the use of related wax films in non-party products constitutes invalidating prior art sales. *See* SAppx618. Given Buergofol's apparent "double-speak" with regard to its characteristics, Appx7, and disputes concerning the existence of prior-art sales, the district court committed no clear abuse of discretion in concluding that Omega needed the information in question, at least so that Buergofol "cannot dispute their validity and to straighten out and reconcile Buergofol's conflicting or unsupported statements," Appx8.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) Omega's motion for leave to file a sur-reply and supplemental appendix is granted. ECF Nos. 22-2 and 22-3 are accepted for filing.

(3) Buergofol's motion to stay is denied as moot.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 22, 2025
Date